UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JOSE ROSALINO and HERMINA )
ROSALINO )
    Plaintiffs, )
     )
     ) C.A. No. 20-275-JJM-LDA
v. )
     )
DELTA AIR LINES, INC., )
    Defendant. )

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

Plaintiffs Jose and Hermina Rosalino, United States citizens of Brazilian descent, sued Defendant Delta Air Lines, Inc. for damages they alleged are because of an incident that took place in Detroit, Michigan while they were on a Delta airplane. Alleging discrimination based on their national origin, they assert claims under Rhode Island's and Michigan's public accommodation statutes, and intentional infliction of emotional distress. Delta moves to dismiss the complaint on both procedural and substantive grounds. ECF No. 5. The Rosalino's object (ECF No. 6) and Delta replies. ECF No. 7. The Court reviews the complaint, taking the facts and reasonable inferences, as true to review this motion.

I.    BACKGROUND

On a flight from Detroit to Providence, after helping an elderly passenger with her bags, and then his own, Mr. Rosalino in placing bags into an overhead compartment braced himself using the headrest of the seat in front of him. An off-

duty Delta employee was seated in that seat and angrily yelled at Mr. Rosalino to get his hands off the seat and snickered under his breath. Later, Mr. Rosalino's grandson accidentally bumped into the Delta employee's arm as he boarded the same plane. The Delta employee gave the child a dirty look; Mr. Rosalino turned to his wife and said in Portuguese, "Don't worry, ignore that idiot." The Delta employee spoke Portuguese and began to berate the Rosalino's, threatening to have them deported to Brazil (even though they were naturalized United States citizens). The Delta employee then involved a flight attendant who demanded that the Rosalino's apologize to him, which they did and begged him to leave them alone. The plane took off and the flight to Providence went ahead without further incident or interaction between the Rosalino's or the Delta employee. They avoided him because of his threat to have them deported. They suffered emotional distress and fear that lingers to this day. The Rosalino's assert that the "threat of deportation by the Delta employee was clearly and unequivocally extreme and outrageous. In the socio-political climate of today, where racism and bigotry are all too present throughout the country . . . this behavior by the Delta employee exemplifies the root of the problem." ECF No. 1-1 at ¶ 10.

The Rosalino's filed this lawsuit, alleging Rhode Island and Michigan discrimination claims (Counts I and II) and a claim for intentional infliction of emotional distress (Count III). Delta moves to dismiss Count I for failure to exhaust administrative remedies or an expired statute of limitations, Count II for improper venue, and Count III for failure to state a claim. ECF No. 5.

II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) tests the plausibility of the claims in a plaintiff's complaint. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *García-Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013) (quoting Fed. R. Civ. P. 8(a)(2)). At this stage, "the plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* at 102–03 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"The plausibility inquiry necessitates a two-step pavane." *García-Catalán*, 734 F.3d at 103. "First, the court must distinguish 'the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *Id.* (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011)). "In determining whether a complaint crosses the plausibility threshold, 'the reviewing court [must] draw on its judicial experience and common sense.'" *Id.* (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

III. DISCUSSION

    A.    Count I–Rhode Island Public Accommodation Law R.I. Gen. Laws § 11-24-1

Delta seeks dismissal because the Rosalino's did not first file an administrative claim with the Rhode Island Commission for Human Rights ("RICHR") before filing this lawsuit and because this claim is beyond the statute's one-year statute of limitations. The Rosalino's argue that the RICHR does not govern their case so any failure to exhaust the administrative process provided by the statutory scheme involving the RICHR's administrative review is not relevant and the one-year statute of limitations set forth for public accommodations claims does not apply. The Court finds that the law and logic support Delta's argument.

Title 11, Section 24 of the Rhode Island General Laws gives the RICHR the power to prevent violations of the public accommodation law. The language of the statute makes clear that the RICHR has initial jurisdiction over an individual's charge that someone violated the public accommodations law. Because the Rosalino's do not claim that they made a charge to the RICHR against Delta, they did not exhaust a statutorily mandated administrative remedy before filing this suit. R. I. Gen. Laws § 11-24-4.

They also filed this lawsuit out of time. When a person makes a claim that another person or corporation has violated any of the provisions of R.I. General Laws §§ 11-24-1 through 11/24/3, the RICHR proceeds per §§ 28-5-16 through 28/5/26. Section 28-5-17 mandates a one-year statute of limitations on claims for discrimination under the public accommodations law. The events detailed in the

4

Rosalino's complaint took place in August 2017. They filed their complaint three years later in June 2020, well outside the statute of limitations. The Court DISMISSES Count I.

    B.    Count II–Michigan Public Accommodation Law–Mich. Comp. Laws § 37.2301

The Rosalino's allegations under the Michigan public accommodations statute mirror those made under Count I. Delta moves to dismiss this Michigan state-law claim under Rule 12(b)(3) of the Federal Rules of Civil Procedure based on improper venue. Upon a motion to dismiss for improper venue, the burden is on a plaintiff to prove that its chosen venue is proper. *United Elec. Radio & Mach. Workers of Am. V. 163 Pleasant St. Corp.*, 987 F.2d 39, 44 (1st Cir. 1993). The Rosalino's assert that venue is proper because "the discriminatory actions began, and persisted, during a flight from Detroit to Providence, RI." ECF No. 6 at 2. Alternatively, they ask that the Court transfer the case to Michigan.

> Venue is proper in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 56 (2013). If the case does not fit into any of these categories, venue is improper and "the case must be dismissed or transferred under § 1406(a)." *Id.*

This case does not fit into the first category as Delta is not a Rhode Island company. The third category is also not a fit as venue would be proper in Michigan since Count II is based on Michigan state law and the events occurred in Detroit. The Rosalino's advocate that the second category permits venue in Rhode Island because "a substantial part of the events giving rise to the claim took place in Rhode Island." ECF No. 6 at 2. The complaint, however, makes clear that the events described that they allege violate Michigan law took place solely in Michigan. They do not allege that any public accommodations violations occurred after they took off, alleging that once they apologized to the Delta employee, "the plane took off and there was no further contact between" them. ECF No. 1 at ¶ 8.

Because the Court finds that Count II is improperly venued in Rhode Island, that Count is dismissed without prejudice.

C. Count III–Intentional Infliction of Emotional Distress

The Rosalino's allege that the threat of deportation was so extreme and outrageous that the Court should sustain their intentional infliction of emotional distress claim. They allege that "[t]he actions of the Delta employee were beneath the dignity of individual human decency, not to mention beneath the standards expected of a duly authorized representative of Delta Air Lines." ECF No. 1 at ¶ 25. Delta moves to dismiss this claim because the Rosalino's pleading is inadequate–specifically, that they do not allege any physical symptom manifesting their distress.

To find liability for a claim for intentional infliction of emotional distress under Rhode Island law, a plaintiff must prove that: "(1) the conduct must be intentional

6

or in reckless disregard of the probability of causing emotional distress, (2) the conduct must be extreme and outrageous, (3) there must be a causal connection between the wrongful conduct and the emotional distress, and (4) the emotional distress in question must be severe." *Norton v. McOsker*, 407 F.3d 501, 510 (1st Cir. 2005). Rhode Island "requires that there be some medical proof establishing physical symptoms of distress." *Id.* Upon reviewing the Rosalino's complaint, the Court finds that all the elements for a claim of intentional infliction of emotional distress have been plead. While the physical symptomology requirement is not explicitly set forth, at this stage of the litigation taking all inferences in the Rosalino's favor, the Court finds that the complaint should go forward on this Count.

IV. CONCLUSION

The Court GRANTS the Motion as to Count 1; GRANTS the Motion as to Count II and dismisses Count II without prejudice; and DENIES the Motion as to Count III. ECF No. 5.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

July 21, 2020